ON REHEARING GRANTED
b EDWIN A. LOMBARD, Judge.
The fundamental liberty interest of a natural parent in the care, custody, and management of her children does not evaporate simply because she has not been a model parent or has lost temporary custody of her children to the State. Santosky v. Kramer, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). Therefore, persons faced with forced dissolution of their parental powers have a critical need *591 for, and are constitutionally entitled to, procedural due process in termination proceedings. Id.
Because the permanent termination of the legal relationship existing between children and their biological parents is one of the most severe and drastic actions the State can take against its citizens, and great care and caution should be exercised in termination proceedings, State in the Interest of G.J.L. and 2000-3278 (La.6/29/01), 791 So.2d 80, 85, we find it troublesome that the plaintiffs treating psychiatrist, Dr. Ronald Schex-nayder, M.D., was not called to testify as result of the trial court ruling in the midst of the termination hearing that the plaintiff could not proceed in forma pauperis and that plaintiffs pro bono counsel was responsible for paying all witness fees, particularly in light of ] ^plaintiffs counsel being prohibited from taking writs on the issue and of making a proffer of the medical records pertaining to the plaintiffs September 2002 hospitalization. Accordingly, the judgment of the trial court is vacated and the matter is remanded for Dr. Schexnayder’s testimony. Because counsel’s failure to provide opposing counsel with copies of the plaintiffs medical records prior to the initial hearing can no longer be prejudicial or a basis for refusing admission of the records upon remand, copies of the certified medical records pertaining to the plaintiffs September 2002 hospitalization shall be admitted into the record for consideration in this matter.

VACATED AND REMANDED.